UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO BIODIESEL, INC.,                     DECISION
                                                                             and
                        Plaintiff,                   ORDER
   v.

                                                              25-CV-39-JLS(F)

LIFECYCLE RENEWABLES, INC.,

                       Defendant.
_____

APPERANCES:          JACKSON & BALKIN
                                Attorneys for Plaintiff
                                PATRICK M. BALKIN, of Counsel
                                365 Market Street
                                Lockport, New York   14094

                                BAKER, DONELSON, BEARMAN, CALDWELL &
                                BERKOWITZ, PC
                                Attorneys for Defendant
                                AMEARAH A. ELSAMADICY,
                                LINDSAY E. RAY, of Counsel
                                1600 West End Avenue, Suite 2000
                                Nashville, Tennessee   37203

                                WEBSTER SZANYI, LLP
                                Attorneys for Defendant
                                CHARLES E. GRANEY, of Counsel
                                1400 Liberty Building
                                Buffalo, New York   14202

## JURISDICTION

This case was referred to the undesigned for all pretrial matters including dispositive motions by Order of Hon. John L. Sinatra, Jr. filed March 3, 2025 (Dkt. 16). It is presently before the court on Defendant's motion filed February 27, 2025 for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) ("Rule 12(b)(3)") and to transfer to

the Southern District of New York pursuant to 28 U.S.C. § 1406(a) ("§ 1406(a)") (Dkt. 15).[1]

## BACKGROUND

This action was commenced by Plaintiff on January 12, 2025.  The Complaint alleges six causes of action, specifically conversion (Count One); tortious interference with contract (Count Two); unjust enrichment (Count Four),[2] fraud (Count Five); and deceptive business practices in violation of N.Y. Business Law § 349 (Count Six).[3]  Plaintiff requests compensatory and punitive damages in the amount of $3 million together with attorneys fees.  In addition, Plaintiff seeks injunctive relief prohibiting Defendant from wrongfully damaging and converting Plaintiff's equipment, interfering with Plaintiff's contractual relationships, requiring Defendant to return Plaintiff's equipment which Defendant has converted, and imposing a constructive trust on profits Defendant has realized based on Defendant's interference with Plaintiff's business contracts.  On February 27, 2025, Defendant filed an Answer including general denials and nine counterclaims.  (Dkt. 14).

By papers filed February 27, 2025, Defendant moves for an order, pursuant to § 1406(a), transferring the action to the Southern District of New York (Dkt. 15-1) together with Memorandum Of Law In Support Of Defendant Lifecycle Renewables, Inc.'s Motion To Transfer Venue (Dkt. 15-2) ("Defendant's Memorandum").  On March 23, 2025,

---

[1] *See Fritz v. Realpage, Inc.*, 2021 WL 3700434, at *1 (W.D.N.Y. Aug. 20, 2021) ("Most recent district court opinions in the Second Circuit conclude that motions for a change of venue are non-dispositive and therefore within the pretrial reference authority of magistrate judges.") (internal quotation omitted).

[2] The Complaint does not allege a Count Three.

[3] The Complaint includes Exhibits 1-8.

Plaintiff filed Plaintiff Buffalo Biodiesel, Inc.'s Opposition To Defendant Lifecycle Renewables, Inc.'s Motion To Transfer Venue (Dkt. 23) together with Memorandum of Law in Opposition to Defendant Lifecycle Renewables, Inc.'s Motion for Change of Venue (Dkt. 23-1) ("Plaintiff's Opposition").  On April 11, 2025, Defendant filed Defendant's Lifecycle Renewables, Inc.'s Reply Memorandum In Further Support Of Its Motion To Transfer Venue (Dkt. 24) (Defendant' Reply"). Oral argument was deemed unnecessary.

## FACTS[4]

Plaintiff and Defendant are competitors in the business of purchasing and collecting waste vegetable cooking oil from restaurants in the Northeast for the purpose of processing and reselling the oil to be converted into biofuel.  Complaint ¶¶ 5-8. Defendant is a Massachusetts corporation; Plaintiff is a New York corporation. Complaint ¶¶ 1, 2. To facilitate its operations, Plaintiff provides oil collection vats, tanks or drums on the premises of Plaintiff's restaurant customers which were marked with Plaintiff's initials "BBD."  Complaint ¶¶ 7, 23.  Plaintiff alleges the Defendant employed fabrications and misinformation in order to persuade 44 of Plaintiff's customers, with which Plaintiff had binding exclusive supply contracts, to cancel their business relationship with Plaintiff and substitute the oil collection service at their premises with Defendant.  Complaint ¶¶ 21, 43(i)-(v), 52, 60, 61, 83(i)-(viii).  Additionally, Plaintiff alleges corresponding wrongful action and misrepresentation by Defendant resulting in

---

[4]  Taken from the papers and pleadings filed in connection with this action.

3

the conversion of Plaintiff's oil collection vats and containers and destruction of Plaintiff's anti-theft devices. Complaint ¶¶ 35, 37, 39(i)-(x).

## DISCUSSION

Under the general venue statute, 28 U.S.C. § 1391(b), as relevant, "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Further, it is the plaintiff who bears the burden of establishing that venue is proper. *See Bartosiewicz v. Nelsen*, 564 F.Supp.3d 287, 301 (W.D.N.Y. 2021) ("Plaintiff, as the proponent of the transfer motion, has the burden of establishing that personal jurisdiction and venue would be proper in the transferee forum." (citing *Wohlbach v. Ziady*, 2018 WL 3611928, at * 4 (S.D.N.Y. July 27, 2018))); *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, 696 F.Supp.2d 396, 399 (S.D.N.Y. 2010) ("[T]he burden of showing that venue in the forum district is proper falls on the plaintiff.") (internal quotation marks and citations omitted).

Here, Plaintiff fails to establish proper venue in this court. First, Plaintiff alleges venue is proper based on Plaintiff's residence in this district. *See* Complaint ¶ 4 ("This Court is a proper venue for this action because Plaintiff resided in this judicial district . .

4

."). While this may be a proper basis for an action in New York state court, *see* N.Y.C.P.L.R. 503(a) ("Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced . . .."), it is wholly erroneous as to a federal civil action such as the instant case. *See* 28 U.S.C. § 1391 (providing for a civil action to be in federal court in a judicial district in which any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or in any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to the action). Second, Plaintiff alleges that "a substantial part of the events giving rise to the claim occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated in this judicial district." Complaint ¶ 4. Neither requirement is supported by the Complaint or Plaintiff's Opposition.

     First, a fair reading of the Complaint's detailed allegations establishes that none of the 44 customers of Plaintiff, whose contracts with Plaintiff Defendant is alleged to have interfered with or at whose business locations Plaintiff's oil collection vats and drums were allegedly converted by Defendant, had any connection with this district. In fact, according to Plaintiff, *see* Complaint ¶ 21, 39 of those customers are located in either Connecticut, New Jersey, or Pennsylvania.[5] The court takes judicial notice that the five New York restaurants listed by Plaintiff are, based on their respective zip codes, located in the Southern District. *See* Complaint ¶ 21. Further, it is well-established that in cases of alleged interference with contract "venue is generally premised on where the wrongful conduct took place, as opposed to where the economic loss caused by the

---

[5]  The Complaint also states Plaintiff has customers in Michigan and Ohio. *See* Complaint ¶ 8.

misconduct was felt." *Six Dimensions, Inc. v. Perficient, Inc.*, 2017 WL 10676897, at *6 (S.D.N.Y. Mar. 28, 2017) (citing caselaw). Here, such Defendant's wrongful conduct would be the location of each of Plaintiff's 44 customers whose contracts Defendant allegedly interfered with. Similarly, venue for Plaintiff's conversion and fraud claims would also be at the location of the wrongful actions by Defendant. *See Bare Body Laser Spa, Inc. v. Billings*, 2024 WL 3445333, at * 5 (S.D.N.Y. July 17, 2024) (venue for conversion and unjust enrichment claim was in Minnesota where the alleged unlawful conduct, the conversion of spa equipment, which was used to purchase Bitcoin, occurred); *Casey v. Odwalla*, 338 F.Supp.3d 284, 293 (S.D.N.Y. 2018) (denying motion to transfer venue in action alleging violations of, *inter alia*, N.Y. Gen. Bus. Law § 349 because none of the alleged unlawful conduct occurred in the proposed transferee venue). Thus, none of Plaintiff's allegations supports venue in this district. Moreover, by failing to rebut Defendant's contention with respect to Plaintiff's failure to establish proper venue in this district as required by § 1391(a), Plaintiff has conceded that Plaintiff's assertion of venue is improper. *See Cole v. Blackwell Fuller Music Publ'g, LLC,* 2018 WL 4680989, at *11 (S.D.N.Y. Sept. 28, 2018) (failure to respond to opponent's argument "amounts to a concession or waiver of the argument"); *see also In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) at *11 (where plaintiff "conceded the point by silence" after failing to address it in their opposition).

Nor can the court grant Defendant's request to transfer, pursuant to § 1406(a), the case to the Southern District of New York. *See* Defendant's Memorandum (Dkt. 15-2) at 8. The transfer of an action pursuant to § 1406(a) to another federal district in

6

which "the action might have been brought" requires that "the receiving court must be a proper venue and possess personal jurisdiction over the defendants." *Wohlbach*, 2018 WL 3611928, at* 3 (citing *Gibbons v. Fronton*, 661 F. Supp. 2d 429, 434 (S.D.N.Y. 2009) (holding that § 1406(a) only permits transfer to a forum in which venue is proper and the defendants are subject to personal jurisdiction (citing *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991 ))). *See also, Bartosiewicz*, 564 F.Supp.3d 287, 301 ("Plaintiff, as the proponent of the transfer motion, has the burden of establishing that personal jurisdiction and venue would be proper in the transferee forum." (citing *Wohlbach*, 2018 WL 3611928, at *4)).

Here, except for the five New York customers located in the Southern District alleged by Plaintiff as targets of the Defendant's improper conduct, none of the remaining 39 customers of Plaintiff has any connection with New York State.  Thus, it is not possible for Defendant's alleged claims for conversion of Plaintiff's property, interference with Plaintiff's contracts, fraud, unjust enrichment, or violation of N.Y. Gen. Bus. Law. § 349, to provide any basis for exercising either personal jurisdiction over Defendant, a non-resident of New York, by application of the New York long-arm statute, N.Y.C.P.L.R. 302(a)(2) (non-domiciliary commits tortious act within the state) or proper venue in accordance with § 1391(a), over the non-New York State 39 customers of Plaintiff.  As, according to the Complaint, none of Defendant's actions with respect to the 39 non-New York restaurant customers of Plaintiff had any effect within New York State, absent Defendant's waiver, it will be impossible for Plaintiff to assert personal jurisdiction over Defendant as to Plaintiff's potential loss of business from these restaurants.  Thus, it is not possible for Plaintiff to have commenced this action in the

7

Southern District as required by § 1406(a), that the action as pleaded when filed, be one that could have been brought in the Southern District, as the proposed transferee district, cannot be established.  For these same reasons, the court cannot sever the claims pertaining to the five customers located in the Southern District of New York so that such claims can be transferred there as to do so would run afoul of the § 1406(a) requirement that the action as filed must be amenable to suit in the transferee district.  Severance, however, fundamentally alters the structure of the action as filed, contrary to the requirement of § 1406(a).

Plaintiff's opposition to Defendant's motion asserts that Defendant's motion is requesting a change of venue pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)").  Plaintiff argues that upon evaluation of the various factors courts deem relevant to a motion for change of venue under § 1404(a), that the Western District of New York is the most convenient district and that Defendant's motion should therefore be denied.  *See* Plaintiff's Memorandum of Law (Dkt. 23-1) at 4-11.  Plaintiff's opposition fails to consider two obstacles to Plaintiff's contention.  First, Defendant's motion is predicated exclusively on § 1406(a), not § 1404(a).  *See* (Dkt. 15-1) at 1 ("Defendant . . . pursuant to Rule 12(b)(3) . . . and § 28 U.S.C. § 1406 (a)").  Second, like § 1406(a), § 1404(a) requires that, in addition to the convenience of witnesses and parties, "a district court [where the matter is pending] may transfer any civil action to any other district . . where it [the action] may have been brought . . .."  Contrary to Defendant's assertion that because venue is improper in this district the court lacks power to grant a motion pursuant to § 1404(a), Defendant's Reply (Dkt. 24) at 1, 7 (citing cases), district courts may grant a motion for a change of venue pursuant to § 1404(a) regardless of whether

8

venue and personal jurisdiction is proper in the transferor court.  *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F.Supp.2d 735, 742-43 (S.D.N.Y. 2013) (transferring case pursuant to § 1404(a) where personal jurisdiction in transferor court was not established, but it was clear personal jurisdiction existed in transferee court); *The Katiroll Co., Inc. v. Kati Roll and Platters, Inc.*, 2010 WL 2911621, at *5 (S.D.N.Y. July 9, 2010) ("The Court may direct transfer [pursuant to § 1404(a)] even if the Court lacks personal jurisdiction over the defendant") (citing *Fort Knox Music, Inc. v. Baptiste,* 257 F.3d 108, 112 (2d Cir. 2001)).  However, both § 1404(a) and § 1406(a) while allowing a case to be transferred to another district, nevertheless require that the "receiving court must be a proper venue and must possess personal jurisdiction over the defendant[ ]."  *Wohlbach,* 2018 WL 3611928, at *3 (citing *Foster-Milburn Co. v. Knight*, 181 F.2d 949, 952 (2d Cir. 1950) (other internal citations omitted)).  Here, aside from Plaintiff's five restaurant customers located within the Southern District, when filed in this court, the action, as pleaded, could not have been filed in the Southern District for lack of both proper venue and personal jurisdiction.  *See* Discussion, *supra*, at 7-8.[6]

      Significantly, although Defendant has requested transfer of the case to the Southern District thereby manifesting an intent to waive improper venue given that to the 39 non-New York restaurants, Defendant has not moved to dismiss the action

---

[6] Plaintiff's assertion that under paragraph 7, a Forum Selection and Choice of Law Clause of Plaintiff's Exclusive Waste Vegetable Cooking Oil Purchase Agreement ("the Forum Selection Clause"), *see* Exh. 1 (Dkt. 1-1 ("the Agreement"), each of the Plaintiff's 44 customers agreed to travel to Erie County, New York, in this district, in case of trial thereby rendering this district as a convenient are for purposes of § 1404(a) fails for two reasons.  First, Defendant is not a party to the Agreement which is exclusively between Plaintiff and each of Plaintiff's customers, Exh. 1 (Dkt. 1-1) at 2.  Second, the Forum Selection Clause applies only to "disputes, claims or causes of action <u>arising</u> <u>under</u> <u>this</u> <u>Agreement</u>."  (Dkt. 1-1) ¶ 7 (underlining added).  However, none of Plaintiff's claims arise under the Agreement; rather they arise based solely on Defendant's alleged misconduct, such as Plaintiff's tortious interference claims, occurring wholly outside the scope of the Agreement.

based on improper venue as when the action was commenced it could not have been brought in the Southern District as Defendant now requests, thus failing to comply with § 1406(a). Moreover, in the absence of a motion to dismiss pursuant to § 1406(a), the court is unable to take such action *sua sponte*. *See Herrington v. Verrilli,* 151 F.Supp.2d 449, 457 (S.D.N.Y. 2001) (A district court may not dismiss a case sua sponte for improper venue absent extraordinary circumstances. (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir.1966)). Thus, the action remains in this district until Defendant moves to dismiss. In sum, when this action as pleaded was filed in this district, the absence of any contacts between 39 of the Plaintiff's 44 customers and the Southern District giving rise to all of Plaintiff's claims, deprived the Southern District of both proper venue and personal jurisdiction over the action, thus rendering the Southern District ineligible as a transferee district under § 1406(a). Accordingly, Defendant's request that the court transfer this action to the Southern District of New York pursuant to § 1406(a) should be DENIED.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 15) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:   August 5, 2025
         Buffalo, New York